UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REESE L. KEITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-03036-TWP-DML |
| | ) |
| M. VANDINE, Sgt. | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on a Motion for Summary Judgment filed by Defendant Matthew Vandine ("Lieutenant[1] Vandine") (Dkt. 32). Plaintiff Reese L. Keith ("Mr. Keith"), an inmate in the Indiana Department of Correction, brings this action alleging that Lieutenant Vandine used excessive force against him by spraying him with a chemical agent. Because Lieutenant Vandine is entitled to qualified immunity, the Motion for Summary Judgment is **granted**.

### I. STANDARD OF REVIEW

A motion for summary judgment asks the court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Federal Rule of Civil Procedure 56(a). The court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence

---

[1] At the time of the alleged incident at the core of this suit, Defendant Matthew Vandine was a Correctional Sergeant. Currently, his rank is Lieutenant. (*See generally,* Dkt 32-2.) For purposes of this Order, the Court will refer to him as Lieutenant.

or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014).

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e). The court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and is not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 572-73 (7th Cir. 2017).

## II.   FACTUAL BACKGROUND

Because Lieutenant Vandine has moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to the non-moving party--Mr. Keith--and "draw[s] all reasonable inferences in his favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

In July 2020, Mr. Keith was an inmate and Lieutenant Vandine was a staff member at Pendleton Correctional Facility. Mr. Keith was in his cell in the afternoon of July 15, 2020 when

an officer told him to pack up because he was being transferred to a new cell block. (Dkt. 32-1 at 21:12−22.) Instead of complying, Mr. Keith asked the officer to get someone else he could speak to because he did not believe he should be transferred. *Id.* at 21:21−24.

The officer left, and Lieutenant Vandine arrived outside of Mr. Keith's cell. *Id.* at 22:14−17. Mr. Keith began to ask about the transfer, but Lieutenant Vandine interrupted and ordered him to "cuff up"—that is, to put his hands behind his back so that Lieutenant Vandine could handcuff him through the cell door. *Id.* at 22:19−20, 24:14−24. Instead, Mr. Keith said, "I'm not cuffing up until I speak . . . to a sergeant or the captain or lieutenant." *Id.* at 22:25−23:2.

Video evidence shows Lieutenant Vandine standing outside of Mr. Keith's cell. It appears that Lieutenant Vandine is arguing with Mr. Keith for roughly sixty to ninety seconds before firing a one-second burst of oleoresin capsicum ("pepper spray") into Mr. Keith's cell. (Dkt. 32-1 at 24; Dkt. 32-4 at 3:39:50−3:40−57.) Lieutenant Vandine ordered Mr. Keith to cuff up multiple times throughout the interaction. (Dkt. 32-2, ¶ 7.) Mr. Keith was standing, facing the cell door, and Lieutenant Vandine sprayed him in his left eye. (Dkt. 32-1 at 26:16−23.) Just before spraying, Lieutenant Vandine again ordered Mr. Keith to turn around and cuff up. *Id.* at 27:2−5.

After being sprayed, Mr. Keith walked to the sink in his cell and rinsed the pepper spray out of his eye. *Id.* at 27:8−12. He then removed his shirt, which had pepper spray on it, and then complied with the order to cuff up. *Id.* at 27:12−15. Mr. Keith was escorted to the medical unit for decontamination without further incident. *Id.* at 28:1−4; Dkt. 32-2, ¶ 12. When he received his bedding that evening, it was covered in pepper spray. (Dkt. 32-1 at 28:12−19.)

### III. DISCUSSION

Lieutenant Vandine argues that his actions did not violate the Eighth Amendment and, alternatively, that he is entitled to qualified immunity. Because the qualified immunity argument

is dispositive, the Court turns to it first. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) ("[C]ourts may grant qualified immunity on the ground that a purported right was not 'clearly established' by prior case law, without resolving the often more difficult question whether the purported right exists at all.").

"Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly*. 137 S.Ct. 548, 551 (2017) (cleaned up). "[T]wo central questions must be addressed in the course of determining whether qualified immunity is available: whether the plaintiff has alleged a deprivation of a constitutional right at all, and whether the right at issue was clearly established at the time and under the circumstances presented." *Bianchi v. McQueen*, 818 F.3d 309, 319 (7th Cir. 2016) (citation omitted).

Once the defense has been raised, the plaintiff carries the burden of defeating it. *Smith v. Finkley*, 10 F.4th 725, 737 (7th Cir. 2021).

This Court's analysis must follow the United States Supreme Court's rulings. In this regard, *Mullenix v. Luna,* 136 S.Ct. 305 (2015) is instructive. The Supreme Court explained:

> A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right. We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate. Put simply, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law.
>
> We have repeatedly told courts not to define clearly established law at a high level of generality. The dispositive question is whether the violative nature of *particular* conduct is clearly established. This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition.

*Mullenix*, 136 S. Ct. at 308 (cleaned up).

To be sure, any reasonable prison official would have known that Mr. Keith had a right not to be subject to excessive force. *See Wilkins v. Gaddy*, 559 U.S. 34, 38−39 (2010) (per curiam).

4

And any reasonable official also would have known that whether a particular use of force is excessive depends on "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Id.* (quoting *Hudson v. McMillan*, 503 U.S. 1, 7 (1992)).

But for qualified immunity purposes, the Court must determine "whether, operating under the state of the law as it existed at the time of relevant events, a reasonable officer would have known that the *particular action at issue* was unlawful." *Lewis v. Downey*, 581 F.3d 467, 479 (7th Cir. 2009) (emphasis added); *see Stockton v. Milwaukee Cnty.*, No. 22-1116, -- F.4th ---, 2022 WL 3210359, at *9 (7th Cir. Aug. 9, 2022) (defendant not entitled to qualified immunity at summary judgment because "[a] reasonable jury could find [the defendant] was on notice his conduct amounted to a 'gratuitous infliction of wanton and unnecessary pain' prohibited by the Eighth Amendment" (quoting *Hope v. Pelzer*, 536 U.S. 730, 738 (2002)).

Considering the facts in the light most favorable to Mr. Keith, Lieutenant Vandine was faced with an inmate who repeatedly refused orders to "cuff up" and instead demanded to speak with a higher-ranking officer. (*See* Dkt. 32-1 at 22:25−23:2 ("So I said, 'I'm not cuffing up until I speak to somebody.' I believe I said, 'Till [sic] I speak to a sergeant or the captain or lieutenant.'"). Mr. Keith has not pointed to any case that would have put Lieutenant Vandine on notice in July 2020 that using a short burst of pepper spray to gain compliance in this situation was unconstitutional. *Cf. Burton v. Ruzicki*, 258 F. App'x 882, 884 (7th Cir. 2007) (no Eighth Amendment violation where officer sprayed inmate in eye with pepper spray after inmate repeatedly refused order and resisted being physically restrained).

This is not to say that Lieutenant Vandine employed best practices. Most notably, he did not warn Mr. Keith that he would deploy pepper spray before doing so. (Dkt. 32-2, ¶¶ 7−10);

*cf. Lewis*, 581 F.3d at 479 (noting that the use of chemical agents "should generally follow adequate warnings" (cleaned up)). But the video evidence corroborates Lieutenant Vandine's testimony that he repeatedly ordered Mr. Keith to comply—over the course of one minute—before spraying him. And Mr. Keith has not shown a clearly established right to be warned of the specific consequences for refusing to follow those orders.

Accordingly, Lieutenant Vandine is entitled to summary judgment on the ground of qualified immunity.[2]

### IV.  CONCLUSION

Lieutenant Vandine's Motion for Summary Judgment, Dkt. [32], is **GRANTED**. Final judgment will now issue.

**SO ORDERED**.

Date: 8/22/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Reese L. Keith, #220066
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

W. Andrew Kirtley
SMITHAMUNDSEN
akirtley@smithamundsen.com

---

[2] It is unclear whether Mr. Keith believes Lieutenant Vandine should be held liable for prison staff providing him contaminated sheets after Mr. Keith was moved to a new cell. But at screening, the Court made clear that this action would proceed only on Mr. Keith's claim of excessive force and provided him an opportunity to notify the Court if his complaint raised additional claims. (Dkt. 8 at 2−3 ("[T]he Eighth Amendment claim approved to proceed is limited to the excessive force allegations.").) Mr. Keith has not moved for leave to file an amended complaint raising a conditions of confinement claim. And, in any event, Mr. Keith has not presented evidence that Lieutenant Vandine was personally responsible for giving him contaminated sheets. (*See* Dkt. 32-1 at 28:15−19 ("They literally brought me my mat and sheets and blankets completely covered in Mace which was clearly something they done because [Lieutenant Vandine] only sprayed a one-second burst while the incident happened.")). Accordingly, the Court addresses only the excessive force claim in this Order.